# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 1:25-MJ-407 |
| DAVID ALEXANDER AVILES CANALES, | |
| *Defendant.* | |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Ryan Roman, being duly sworn, state the following:

1.  I am a Ranger with the United States Department of the Interior, National Park Service ("NPS"). As a Ranger with NPS, I am a federal law enforcement officer and I have received specialized training and have conducted numerous investigations relating to violations of the Virginia Code, the Code of Federal Regulations, and Title 18 of the United States Code.

2.  My duties as an NPS Ranger include investigating criminal violations of the Virginia Code, Code of Federal Regulations, and Title 18 of the United States Code, and, as warranted, seeking prosecution of offenders.

3.  This affidavit is submitted in support of a criminal complaint charging that, on or about July 5, 2025, in Manassas National Battlefield Park, within the special maritime and territorial jurisdiction of the United States, in the Eastern District of Virginia, David Alexander Aviles Canales ("AVILES CANALES"), operated a motor vehicle while under the influence of alcohol, or a drug, or drugs, or a combination thereof, to a degree that rendered him incapable of safe operation, in violation of 36 CFR § 4.23(a)(1); operated a motor vehicle while the alcohol concentration in his blood or breath was 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath, in violation of 36 CFR § 4.23(a)(2);

1

failed to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife, in violation of 36 CFR § 4.22(b)(3); and did not drive the vehicle entirely within a single lane, in violation of 36 CFR § 4.2(b) adopting VCS 46.2-804(2).

4. The facts and information contained in this affidavit are based upon my training, my experience, personal knowledge, and observations made by other law enforcement officers during the course of this investigation. This affidavit contains information necessary to support probable cause, but it is not intended to include each, and every, fact and matter observed by me or known to the United States.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

5. On July 5, 2025, at approximately 17:25, an orange Chevrolet Cavalier bearing VA registration TEE3402 was traveling northbound on Sudley Rd. at the Manassas National Battlefield Maintenance Yard entrance at a high rate of speed that law enforcement estimated to be 45 mph in a 35 mph zone.

6. Law enforcement then observed the vehicle cross its driver-side tires over the double-yellow line, putting approximately 3/4 of its width in the oncoming lane of traffic. The vehicle then began weaving in the lane, with its passenger-side tires crossing the fog line, then abruptly swerved back across to its left, crossing its driver-side tires over the double-yellow line, nearly completely driving in the oncoming lane of traffic, which forced multiple motorists to swerve and brake to avoid collision.

7. Law enforcement then activated lights and sirens, attempting to initiate a traffic stop.

8. The vehicle then swerved back to its right, again crossing its passenger-side tires over the fog line, then again abruptly to its left, crossing all four tires over the double-yellow line

and into the oncoming lane of traffic, which forced a motorist to abruptly brake and swerve to avoid collision. The vehicle then slowed, pulled to its right, and its front passenger-side tire careened into the curb. It then corrected its angle forward and came to a stop.

9. Law enforcement then made a driver-side approach to contact the vehicle's operator (later identified by his Republic of El Salvador ID card as AVILES CANALES) and twice knocked on the driver-side window and motioned for the driver to roll down his window. AVILES CANALES fumbled with his hands, then put his car in park, turned off the ignition and opened his door. As the door opened, law enforcement detected a strong odor of an alcoholic beverage emanating from AVILES CANALES' person. When asked if he had a driver's license or ID, AVILES CANALES stated, "No."

10. At approximately 17:28, AVILES CANALES admitted to me that he drank six beers. I then asked AVILES CANALES to blow into the non-evidentiary portable breath test. AVILES CANALES stated, "Sí, okay." When asked if he understood, AVILES CANALES gave a thumbs up and attempted to provide a breath sample.

11. Law enforcement called a Spanish-language interpretation service to aid in communicating with AVILES CANALES. After interpretation services connected, the interpreter listed to AVILES CANALES and told law enforcement, "He's not saying words. He's kind of mumbling." When asked again if he had a driver's license or any identification, AVILES CANALES stated, "No."

12. When the instructions for providing a breath sample into the PBT were explained to him, AVILES CANALES motioned with his right hand to bring the instrument toward him and he attempted to provide a sample. Law enforcement then took control of the instrument and captured a manual sample, which measured 0.26%.

3

13. Law enforcement then asked AVILES CANALES to step out of the vehicle, turn around and place his hands behind his back. As AVILES CANALES had difficulty stepping out of his vehicle without leaning backward or stumbling, so we assisted him out and placed him in handcuffs behind his back.

14. While on the way to the Adult Detention Center in Manassas, AVILES CANALES became unconscious in the patrol vehicle. Law enforcement then transported him to the UVA Health Prince William Medical Center in Manassas, Virginia.

15. According to documents provided voluntarily to law enforcement by hospital staff, AVILES CANALES was diagnosed with acute alcohol intoxication. Those same documents show that the result of AVILES CANALES' quantitative blood ethanol test was 354 mg/dL, which equates to .354 g/dL, also known as a BAC of .354%.

## CONCLUSION

16. Based on the foregoing, I submit there is probable cause to believe that, on or about July 5, 2025, in Manassas National Battlefield Park, within the special maritime and territorial jurisdiction of the United States, in the Eastern District of Virginia, David Alexander Aviles Canales ("AVILES CANALES"), operated a motor vehicle while under the influence of alcohol, or a drug, or drugs, or a combination thereof, to a degree that rendered him incapable of safe operation, in violation of 36 CFR § 4.23(a)(1); operated a motor vehicle while the alcohol concentration in his blood or breath was 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath, in violation of 36 CFR § 4.23(a)(2); failed to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife, in violation of 36 CFR § 4.22(b)(3); and did not drive the vehicle entirely within a single lane, in violation of 36 CFR § 4.2(b) adopting VCS 46.2-804(2).

Respectfully submitted,

RYAN ROMAN
Digitally signed by RYAN ROMAN
Date: 2025.07.07 13:34:56 -04'00'

Park Ranger Ryan Roman
National Park Service

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by telephone on July 7, 2025.

Lindsey R Vaala
Digitally signed by Lindsey R Vaala
Date: 2025.07.07 13:52:33 -04'00'

Honorable Lindsey R. Vaala
United States Magistrate Judge